**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**ALPHONSE M. HIEGLE, et al.**                                                                                  **PLAINTIFFS**

**V.**                                            **NO. 4:09-CV-00817 GTE**

**MORGAN KEEGAN & COMPANY, INC.**                                                       **DEFENDANT**

## ORDER REMANDING CASE

Before the Court is Plaintiffs' Motion to Remand, to which Defendant Morgan Keegan & Company, Inc. ("Morgan Keegan") has responded. Because the Court concludes that subject matter jurisdiction is lacking, the motion is granted and the case is remanded.

## FACTUAL AND PROCEDURAL OVERVIEW

Plaintiffs are eight individual investors residing in either Arkansas or Texas. Defendant Morgan Keegan is a full service investment firm headquartered in Memphis, Tennessee. Plaintiffs' claims arise out of their purchase from Morgan Keegan of shares in 3 different mutual funds from December 6, 2004 through February 6, 2007.

Plaintiffs contend that Morgan Keegan falsely represented the mutual funds as being "low risk investments" when in fact the funds were concentrated in "very high-risk and illiquid" securities.[1] As a result the funds "dramatically lost value" in 2007 and 2008, causing the Plaintiffs to sustain losses estimate to be in excess of $350,000, but to be specifically determined at trial.[2]

---

[1] Complaint at ¶¶16, 20.

[2] Complaint at ¶ 17.

Plaintiffs' Complaint includes only one cause of action, based on state law. Specifically, Plaintiffs allege that Morgan Keegan violated an Arkansas statute making it unlawful for any person to "make any untrue statement of material fact or to omit to state a material fact" "in connection with the offer, sale or purchase of any security." Ark. Code Ann. § 23-42-507. While Plaintiffs do not assert a federal cause of action for securities fraud, they contend that Morgan Keegan's conduct in managing and marketing the funds was "reckless" and "violated SEC directives."[3]

Plaintiffs filed this action originally in the Faulkner County Circuit Court on September 16, 2009. On October 21, 2009, the Defendant timely removed the case to federal court, alleging diversity and federal question jurisdiction.

## DISCUSSION

Any civil action brought in state court which alleges claims within the original jurisdiction of the United States District Courts may be removed by the defendant to the appropriate federal court. 28 U.S.C. § 1441(a). Once a case has been removed to federal court, a motion to remand to state court may be brought on the basis of any defect in the removal procedure. 28 U.S.C. § 1447(c). If it appears that the district court lacks subject matter jurisdiction, the case must be remanded. 28 U.S.C. § 1447(c).

In reviewing a motion to remand, the Court must resolve all doubts in favor of a remand to state court, and the party opposing remand has the burden of establishing federal jurisdiction by a preponderance of the evidence. *In re Business* Men's *Assurance Co. of America,* 992 F.2d 181, 183 (8th Cir.1993) (citation omitted).

---

[3] Complaint at ¶ 22.

### A.     Diversity Jurisdiction

Original jurisdiction exists in the district courts in all civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332. The party asserting federal jurisdiction must establish that the required amount in controversy is met. *Hatridge v. Aetna Casualty & Surety Co.*, 415 F.2d 809, 814 (8th Cir. 1969). The parties agree that complete diversity exists but dispute the amount in controversy requirement.

Because Plaintiffs are individuals with separate and distinct claims, the value of such claims may not be aggregated for purposes of determining the amount in controversy. *Burns v. Massachusetts Mut. Life Ins. Co.*, 820 F.2d 246 (8th Cir. 1987). Rather, each Plaintiff individually must have a claim for relief that exceeds the jurisdictional minimum.[4] *Trimble v. Asarco, Inc.*, 232 F.3d 946, 960 (8th Cir. 2000).

Contrary to Defendant's argument, on the face of the Complaint there is a problem with the jurisdictional amount. A claim by eight plaintiffs that the mutual funds in which they invested sustained losses exceeding $350,000 does not, on its face, meet the jurisdictional minimum. If each Plaintiff lost at least $75,000, the total losses would be at least $600,000.00.

Further, Plaintiffs assert in their motion to remand that each of their individual claims is in fact for less than $75,0000, and they set out the value of each such claim. The claims have values ranging from $12,000.00 on the low end to $54,077.63 on the high end. Defendant does not challenge these numbers, but asserts that the language in the Complaint is controlling and that Plaintiffs' effort to revise the allegations in the Complaint should be rejected.

---

[4] *See Kessler v. National Enterprises, Inc.*, 347 F.3d 1076, 1079, n.3 (2003) (discussing circuit split on issue of "whether supplemental jurisdiction may be exercised over all claims when at least one satisfies the jurisdictional limit" and noting that the 8th Circuit joins with the 3rd and 10th Circuits in holding that it may not).

The Court rejects Morgan Keegan's assertion that Plaintiffs' request for damages "in an amount to be determined at trial in excess of the minimum required for diversity of citizenship jurisdiction in federal courts in a specific amount to be determined at trial"[5] conclusively establishes that the jurisdictional amount is satisfied.  This language in the Complaint likely is driven by Arkansas procedural rules and is not dispositive of the federal amount in controversy inquiry.

Arkansas Rule of Civil Procedure 8(a) specifies that "a demand containing no specified amount of money shall limit recovery to an amount less than required for federal jurisdiction in diversity of citizenship cases, unless language of the demand indicates that the recovery sought is in excess of such amount."  Consequently, attorneys are likely to err on the side of including the Rule 8(a) language if there is any possibility that the value of their claims may be in excess of the federal diversity minimum.[6]   Arkansas's procedural requirements do not dictate federal jurisdiction.  See *Haynes v. Louisville Ladder Group, LLC*, 341 F. Supp. 2d 1064, 1067 (2004) ("general principles of federal jurisdiction do not allow Rule 8(a) to be dispositive of the amount in controversy for purposes of determining federal jurisdiction.").

Plaintiffs also have asserted a claim for punitive damages.  While punitive damages may be included in determining the amount in controversy, it is Defendant's duty, as the removing party, to show that such damages are likely to be sufficient to cause the amount in controversy to exceed $75,000.  Further, when a punitive damages claim is used to satisfy the amount in controversy, the court must scrutinize the claim "more closely than a claim for actual damages to

---

[5] Complaint at ¶ 17.

[6] Following the Arkansas Supreme Court's decision in *Interstate Oil and Supply Co. v. Troutman Oil Co.*, 334 Ark. 1 (1998), it is far less likely that a party's failure to comply with Rule 8(a) will limit his recovery to $75,000.

- 4 -

ensure Congress's limits on diversity jurisdiction are properly observed." *State of Mo. ex rel. Pemiscot County, Mo. v. Western Sur. Co.*, 51 F.3d 170, 173 (1995) (citation omitted). Defendant has failed to make any effort to show that punitive damages are recoverable in an amount necessary to satisfy jurisdiction.  The Complaint fails to state any conduct to support a claim for punitive damages other than the conduct giving rise to the state law claim. Additionally, there is no basis in the Complaint for concluding that it is likely that a Plaintiff who sustained only a $12,0000 loss is also likely to recover at least $63,0000 in punitive damages.  In any event, it is unnecessary to speculate on using punitive damages to cross the jurisdictional threshold where the party asserting federal jurisdiction has failed to even discuss it.

The Court concludes that Defendant has failed to satisfy its burden, as the party advocating federal jurisdiction, to prove by a preponderance of the evidence that the amount in controversy exceeds the minimum jurisdictional amount.  *Toller v. Sagamore Ins. Co.*, 514 F. Supp. 2d 1111, 1115 (E.D. Ark. 2007).

### B.    Federal Question Jurisdiction

"As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim."  See *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 6 (2003).  Under 28 U.S.C. § 1331, a federal district court has original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States.  The well-pleaded complaint rule, established by the Supreme Court in *Louisville and Nashville R.R. v. Mottley*, 211 U.S. 149 (1908), is the starting point for determining whether a suit arises under the laws of the United States.  The rule "provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

While exceptions to the well-pleaded complaint rule exist, the exceptions are limited. The exceptions may be grouped into two categories: (1) where federal law completely preempts state law;[7] (2) where determination of the state law claim depends on the resolution of a substantial, disputed federal question.[8]  Defendant argues the second exception applies here.

On the face of Plaintiff's Complaint, there is no federal question as the sole claim for relief is based on a provision of the Arkansas Securities Act, *to-wit*:

> It is unlawful for any person, in connection with the offer, sale, or purchase of any security, directly or indirectly:
>
> (1) To employ any device, scheme, or artifice to defraud;
> (2) To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading; or
> (3) To engage in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person.

Ark. Code Ann. § 23-42-507.

This language tracks the Security and Exchange Commission's Rule 10b-5, enacted under Section 10(b) of the 1934 Securities Exchange Act and found at 17 C.F.R. § 240.10b-5.

Citing a 1983 Supreme Court decision, Defendant argues that Plaintiffs' claims arise under federal law because "vindication of a right under state law necessarily turns on some construction of federal law."[9]  This is an exaggeration of the actual language in *Franchise Tax Bd. v. Const. Laborers Vacation Trust*, 463 U.S. 1 (1983).  Resolution of the state law claim must "require resolution of a substantial question of federal law in dispute between the parties."

---

[7] See *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1 (2003); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987).

[8] See *Merrell Dow Pharmaceuticals, Inc. v. Thompson,* 478 U.S. 804, 813 (1986).

[9] Defendant's brief at 8.

- 6 -

*Id.* at 13 (emphasis added).  Three years later, the Supreme Court clarified that *Franchise Tax Board* "did not purport to disturb the long-settled understanding that the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow*, 478 U.S. at 813.

More instructive and contemporary guidance from the Supreme Court appears in *Grable & Sons Metal Products v. Darue Engineering*, 545 U.S. 308 (2005) where the Court considered the circumstances in which a state law claim may give rise to federal question jurisdiction because of the involvement of a substantial, disputed federal issue.  In affirming the exercise of federal jurisdiction over a state law quiet title action, the Court noted that an essential element of the state law quiet title action was whether the IRS had provided adequate notice of its claim, such that Grable could be considered to have the superior title claim.  *Id*. at 2368.  The issue, which turned strictly on the meaning of the federal statute, appeared "to be the only legal or factual issue contested in the case." *Id*.  Cautioning that the existence of any "federal issue" should not be treated as "a password opening federal courts to any state action embracing a point of federal law," the Court concluded: "the question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Id.* at 2368.

Defendant takes language completely out of context when it cites *Carpenter v. Wichita Falls Indep. Sch. Dist*., 44 F.3d 362, 366 (5th Cir. 1995) for the proposition that, if "the state court necessarily must look to federal law in passing on the claim, the case is removable regardless of what is in the pleading."[10]  Defendant completely distorts the meaning of the case

---

[10] Defendant's brief at 9.

by omitting the first half of the sentence. The full sentence reads: "If the only remedy available to plaintiff is federal, because of preemption or otherwise, and the state court necessarily must look to federal law in passing on the claim, the case is removable regardless of what is in the pleading." *Id*.

This is not a case in which the only remedy available to Plaintiffs is a federal remedy. Arkansas has a law for the protection of investors that mirrors a federal regulation. As such, it is highly likely that consideration of federal law and regulations may be relevant to the issue of whether Defendant breached state law. But, this does not mean a substantial federal question must be resolved. It simply means that Arkansas has, in effect, incorporated federal law into state law. This is not enough for federal question jurisdiction.

Under Defendant's theory, most, if not every, action invoking a similar claim under the Arkansas Securities Act would be removable to federal court. This Court concludes that the Plaintiffs' Arkansas Securities Act claims do not necessarily raise a disputed and substantial federal issue. The Court further concludes that to interpose federal jurisdiction in this case would upset the interplay between state and federal jurisdiction. See *Grable & Sons*, at 2370 (suggesting that exercise of federal jurisdiction is inappropriate "when exercising federal jurisdiction over a state . . . action would have attracted a horde of original filings and removal cases raising other state claims with embedded federal issues.").

## CONCLUSION

For the reasons discussed above, the Court finds no reason in this case to depart from the well-pleaded complaint rule. This Court lacks original federal question jurisdiction over the state-law claims raised in Plaintiffs' Complaint.

Accordingly,

- 8 -

IT IS HEREBY ORDERED THAT Plaintiffs' Motion to Remand (Docket No. 5) be, and it is hereby, GRANTED.  This action is hereby remanded immediately back to the Faulkner County Circuit from which it was removed.  The Clerk of the Court is directed to take the steps necessary to transfer the case.

IT IS SO ORDERED this  20th  day of November, 2009.

                                            _/s/Garnett Thomas Eisele_____
                                            UNITED STATES DISTRICT COURT